■ PHILLIP BROTHERS EXPORT CORPORATION, Respondent, v AERO TRADE, S. A., Appellant, et al., Defendants. — Order, Supreme Court, New York County (Shorter, J.), entered August 14, 1981, which, *inter alia,* denied defendant-appellant Aero Trade's motion to excuse its default on a prior motion and reduced the attachment to $750,000, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of granting appellant's motion to vacate its default and to vacate the attachment in its entirety, without costs, and the order is otherwise affirmed. Appeal from the order of the Supreme Court, New York County (Shorter, J.), entered May 26, 1981, is dismissed as academic. In connection with this action for breach of contract for the purchase of steel and steel-making equipment, plaintiff obtained an ex parte order of attachment against three Peruvian defendants, including appellant Aero Trade, an airplane brokerage firm, in the amount of $3,150,000. These defendants then defaulted on plaintiff's motion on notice to confirm the attachment. Strong opposition was, however, supplied by several prospective garnishees to whom notice of the motion had been given. After the court confirmed the attachment, Aero Trade, one of the Peruvian defendants, promptly made application to vacate the attachment, which application was denied by order of May 26, 1981. Aero Trade again promptly sought to vacate the attachment, with the additional request for relief that its default on the initial confirmation motion be excused and that its default in answering the complaint, already once amended, be opened. The court permitted defendant to answer the complaint to allow a trial on the merits and reduced the amount of the attachment to $750,000, in the interest of justice, but refused to excuse defendant's default on the confirmation motion. In the circumstances of this case, the court should have opened Aero Trade's default on the motion and conducted a full re-examination of the merits of the attachment. As Special Term itself found, defendant's initial default was "understandable", particularly in light of its tangential involvement in the underlying subject matter of this action and its knowledge that its American creditor would seek to protect its parallel interests in keeping a substantial obligation between the parties free of the restraint of plaintiff. No prejudice inured to plaintiff attendant upon defendant's delay in opposing the attachment. On the other hand, defendant might suffer the onerous burden of having substantial assets restrained, without proper basis, during the long course of this litigation were we not to relieve defendant of its default. The application to excuse the default on the initial confirmation motion (CPLR 6211, subd [b]) should have been considered in a particularly liberal spirit in light of the provisions of CPLR 6223, which permit an application to vacate or modify an attachment any time

prior to the application of the property or debt to the satisfaction of a judgment. Indeed, Special Term implementing the policy inherent in this latter section, reduced the attachment by two thirds, apparently on the basis that no greater recovery could be had against Aero Trade. The continued recognition of the default of Aero Trade on the initial confirmation motion serves only as a barrier to more thorough analysis, on the merits, of the attachment — an analysis which defendant's papers establish is clearly warranted. In order to succeed on a motion for an order of attachment or for confirmation thereof, plaintiff must demonstrate a probability of success on the merits (CPLR 6212). Plaintiff has failed to carry that burden in this case as against Aero Trade. Meritorious claims appear to exist against the New York party which formally entered into these contracts with plaintiff and/or the Peruvian party, Acero Peruano, S. A., on whose behalf such action was taken. However, there is a woefully inadequate evidentiary foundation to support plaintiff's contention that Aero Trade is similarly obligated in these transactions. Thus, the necessary predicate to the attachment is lacking even while the pleadings may state causes of action against Aero Trade. We need not and do not pass on the constitutional arguments of defendant in light of the disposition made in its favor on narrower, statutory grounds. Concur — Kupferman, J. P., Birns, Ross, Lupiano and Silverman, JJ.